IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JAMES W. BOWLIN, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17−cv−0712−JPG |
| | ) | |
| FAYETTE COUNTY JAIL, | ) | |
| DR. ELYEA, | ) | |
| DR. FATOKI, | ) | |
| MAEGAN TRONE, | ) | |
| MATT SHROYER, | ) | |
| TYLOR BUTTS, and | ) | |
| DEKOTA WHITE, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff James Bowlin, Jr., an inmate in Fayette County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In his Complaint, Plaintiff claims the defendants have been deliberately indifferent to his serious medical issues in violation of the constitution. (Doc. 1). This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

1

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to allow this case to proceed past the threshold stage.

## The Complaint

In his Complaint (Doc. 1), Plaintiff makes the following allegations: when Plaintiff was taken to Fayette County Jail ("Jail") after his arrest on April 25, 2017, he told correctional officers Shroyer and Butts that he was on several prescribed medications when they asked him about the same. (Doc. 1, p. 5). While he could not remember the name of all of the medications at that moment, he told them several of the medications including Propanil, Gabapenton, Ultrum, Wellbutrin, and Klonopin. *Id.* Plaintiff informed them that he would need the medications shortly because he suffers from high blood pressure, severe arthritis, acid reflux, severe anxiety, bipolar disorder, and chronic back issues. *Id.* The officers wrote down the medications that Plaintiff told them, and Shroyer told Plaintiff that he would call the doctor that approves medications at the Jail. *Id.* Plaintiff does "not think the two on duty officers called" though "they may have." *Id.*

2

Plaintiff was taken to a cell, and after a few hours, he noticed that two new officers had begun their shift. *Id.* Plaintiff asked one of the officers if he was going to get his medications soon, so the officer left and returned later to tell Plaintiff that "he checked and [Plaintiff] wouldn't be getting any of [his] medications until [he sees] a nurse." *Id.* The officer then told Plaintiff that he would see a nurse within 14 days. *Id.* Plaintiff replied that he could not wait that long because he is on medications that he needs to take daily. (Doc. 1, p. 6). Plaintiff "kept getting the run around" and "spoke to every C/O there" asking to see a doctor or nurse. *Id.*

Plaintiff "started to feel very sick" and experienced light headedness, cold sweats, and shakiness. *Id.* Other inmates observed that Plaintiff was very red. *Id.* Plaintiff eventually called his family and girlfriend, and when his girlfriend called the Jail, she was told she could bring Plaintiff's medications to the Jail for him. *Id.* When she did so, she gave Plaintiff's medications to correctional officers. *Id.* Several hours later, an officer told Plaintiff that he had called the doctor and told him Plaintiff's medications. *Id.* The officer also told Plaintiff that the doctor told him that Plaintiff could not be given any of his medications until he saw the nurse. *Id.*

Plaintiff's family doctor wrote two letters to the Jail indicating what medications Plaintiff is on and why he is on them. *Id.* Plaintiff was still told that he could not have them. *Id.* Plaintiff went two weeks without medications. *Id.* He "was so miserable and [he] felt like dying." *Id.* After two weeks, Plaintiff saw the nurse at the Jail. *Id.* He told her his issues, and she responded that he could not be on most of his medications. *Id.* She instead prescribed him propranal for his blood pressure. (Doc. 1, pp. 6-7). What the Jail did to Plaintiff was incredibly dangerous. (Doc. 1, p. 7). One of Plaintiff's medications, Klonapin, is a barbiturate, from which withdraw is dangerous and can result in death. *Id.* Plaintiff has still not received most of his medications. *Id.*

Plaintiff saw the doctor at the Jail, and he took him off of the medications Plaintiff's family doctor had indicated were medically necessary. *Id.* The doctor put Plaintiff on Zoloft recently, which has Plaintiff sick to his stomach and is designed to treat depression, which Plaintiff does not have. *Id.* Plaintiff seeks monetary damages. (Doc. 1, p. 8).

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into 1 count. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of this count does not constitute an opinion regarding its merit.

**Count 1 –** Defendants showed deliberate indifference to Plaintiff's serious medical need for his various prescriptions in violation of the Eighth Amendment's prohibition against cruel and unusual punishment.

As discussed in more detail below, Count 1 will be allowed to proceed past the threshold stage against some of the defendants. Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard.

As to Count 1, it is well established that, while in the custody of state or local authorities, a pretrial detainee must be afforded certain protections under the Fourteenth Amendment, including access to adequate medical care. *See City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 244, (1983); *Payne v. Churchich*, 161 F.3d 1030, 1040-41 (7th Cir. 1998). These due process rights are at least as great as the protections afforded a convicted prisoner under the Eighth Amendment. *See Higgins v. Corr. Med. Servs. of Ill., Inc.*, 178 F.3d 508, 511 (7th Cir. 1999); *Estate of Cole v. Fromm*, 94 F.3d 254, 259 n.1 (7th Cir.1996). Consequently, when considering a pretrial detainee's claim of inadequate medical care, for example, it is appropriate

for a court to look to the analogous standards of Eighth Amendment jurisprudence. *See Qian v. Kautz*, 168 F.3d 949, 955 (7th Cir. 1999).

A prisoner raising a claim against a prison official for deliberate indifference to the prisoner's serious medical needs must satisfy two requirements. The first requirement compels the prisoner to satisfy an objective standard: "[T]he deprivation alleged must be, objectively, 'sufficiently serious[.]'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). The second requirement involves a subjective standard: "[A] prison official must have a 'sufficiently culpable state of mind,'" one that amounts to "'deliberate indifference' to inmate health or safety." *Id.* (quoting *Wilson*, 501 U.S. at 297). Liability under the deliberate-indifference standard requires more than negligence, gross negligence or even recklessness; rather, it is satisfied only by conduct that approaches intentional wrongdoing, *i.e.*, "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835.

Plaintiff claims that he suffered greatly, and his life was put at risk when he was deprived of his medications. Given these allegations, and the conditions Plaintiff claims to have, this Court considers Plaintiff to have satisfied the objective prong of the deliberate indifference standard. As to the subjective prong, the Court finds Plaintiff to have satisfied it, if only just, with respect to Shroyer and Butts. Plaintiff claims that he told Shroyer and Butts that he was on several medications for serious medical issues including high blood pressure, bipolar disorder, and severe arthritis upon entering the Jail. Though the officers told Plaintiff they would call the doctor to have his prescriptions approved, Plaintiff does not believe that they called, though he admits that he cannot be sure they did not. The fact that Plaintiff does not know for certain whether these defendants called to have his prescriptions approved is not fatal at this early stage.

The officers' actions on the day in question may amount to mere negligence, or may constitute deliberate indifference. Because the Court must construe Plaintiff's allegations liberally, it will allow Count 1 to proceed as against Shroyer and Butts.

Plaintiff also names Dr. Elyea, Dr. Fatoki, Nurse Trone, and Dakota White as defendants in this action, but he does not specifically name them in his statement of claim.[1] Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). Where a plaintiff has not included a defendant in his statement of claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). And in the case of those defendants in supervisory positions, the doctrine of *respondeat superior* is not applicable to § 1983 actions. *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted).

Plaintiff has not alleged that Elyea, Fatoki, Trone, and/or White are "personally responsible for the deprivation of a constitutional right," and these defendants cannot be liable if they merely supervised a person who caused a constitutional violation. *Id.* Further, Fayette County Jail is not an appropriate defendant in this case. A jail is not a "person" under § 1983.

---

[1] Plaintiff has filed a document (Doc. 15) which was construed as an Exhibit to the Complaint in CM-ECF. In it, Plaintiff further details some of the medical issues he has been having. He also discusses the involvement of Dr. Fatoki. The Court has not considered these allegations in its analysis of the Complaint, as Plaintiff clearly did not intend for Doc. 15 to be construed as an amended complaint, and the Court does not accept piecemeal amendments to a given complaint. If the document were construed as an amended complaint, it would supersede the original complaint, rendering it void, which does not appear to have been Plaintiff's intent. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). If Plaintiff seeks to include in his Complaint the allegations in this document (Doc. 15), or allegations against any of the defendants that are being dismissed without prejudice herein, he may seek to amend his complaint at a later time.

*Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *Powell v. Cook Cnty. Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993). It is not a legal entity in the first place and is therefore not amenable to suit.

Accordingly, Elyea, Fatoki, Trone, and White will be dismissed from this action without prejudice, and Fayette County Jail will be dismissed with prejudice.

## Pending Motions

Plaintiff has filed several motions seeking the appointment of counsel in this case (Docs. 10, 12, 16). These motions are hereby **REFERRED** to a United States Magistrate Judge for a decision.

Plaintiff has also filed several motions apparently seeking to engage in discovery, including a Motion to Request Records (Doc. 7), Motion to Show Evidence (Doc. 8), and Motion to Admit Evidence (Doc. 13). These motions are hereby **DENIED** without prejudice as premature. Plaintiff cannot conduct discovery until after a pretrial scheduling and discovery order is entered, which will occur shortly after service of summons and the Complaint is effected upon the remaining defendants.

## Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** will **PROCEED** against **SHROYER** and **BUTTS**.

**IT IS FURTHER ORDERED** that **COUNT 1** is **DISMISSED** without prejudice as against **ELYEA, FATOKI, TRONE,** and **WHITE** and with prejudice as against **FAYETTE COUNTY JAIL**.

**IT IS FURTHER ORDERED** that **ELYEA, FATOKI, TRONE,** and **WHITE** are **DISMISSED** from this action without prejudice, and **FAYETTE COUNTY JAIL** is dismissed

from this action with prejudice.

**IT IS FURTHER ORDERED** that as to **COUNT 1**, the Clerk of Court shall prepare for **SHROYER** and **BUTTS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff. If any defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.* If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915,

Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**
    **DATED: September 20, 2017**

    *s/J. Phil Gilbert*
    **U.S. District Judge**